**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In Re: Coastline East Corporation

        Debtor.

_____

MICHAEL BREWER,

        Appellant,

vs.                                   Case No. 3:11-cv-156-J-32

HENDERSON LAW, P.A., et al.,

        Appellees.

_____

## ORDER

This bankruptcy appeal is before the Court on Appellee Henderson Law, P.A.'s ("Henderson") Amended Motion to Dismiss Appeal (Doc. 7) and Appellee George May's Amended Motion to Dismiss Appeal (Doc. 12). Pro se Appellant Michael Brewer has filed a consolidated response in opposition to both motions (Doc. 17).[1] Because Appellant's appeal is moot as to Appellee Henderson, that motion to dismiss will be granted pursuant to Fed.R.App.P. 27. Appellee May's motion to dismiss will be denied.

**I.  Background**

On October 18, 2010, Judge Jerry A. Funk of the United States Bankruptcy Court,

---

[1] Though styled "Appellant's Response to Appellee's Initial Briefs," the document is responsive to the Appellees' motions to dismiss and was filed pursuant to the schedule the Court provided in its Order dated June 9, 2011. See Doc. 13. Accordingly, Appellant's and May's respective Motions to Strike relating to this issue (Docs. 18, 19) are denied.

Jacksonville Division, entered two orders: an Order Overruling Objections of Michael Brewer and David Hodges and Approving Compromise of Claim, Bankr. Doc. 119 ("Compromise Order"), and an Order Overruling Objections of Michael Brewer and David Hodges and Approving Sale of Property of the Estate, Bankr. Doc. 120 ("Sale Order;" collectively, the "Approval Orders"). The claim compromise at issue in the Compromise Order was the Trustee's settlement of a judgment in favor of debtor Coastline East Corporation and against Appellee May.[2] The property at issue in the Sale Order was a claim belonging to debtor Coastline East Corporation, filed against certain defendants in Nassau County Circuit Court, which the Trustee had agreed to sell to Appellee Henderson.[3] The Approval Orders were issued subsequent to an evidentiary hearing held on October 13, 2010, at which all interested parties attended and presented evidence and argument.

After the Bankruptcy Court issued the Sale Order, Henderson tendered $20,000.00 to the Trustee as payment in full for the Nassau claims. In reliance upon the validity of the sale, Henderson abandoned its secured claim (specifically, a charging lien) against the debtor for any additional amounts owed. Doc. 1-20 at 19. Subsequently, the Trustee issued a Bill of Sale to Henderson. Doc. 7, Ex. C.

---

[2]  The Trustee had filed and served, on May 3, 2010, a Notice of Intent to Compromise Claim providing details of the proposed compromise, Bankr. Doc. 75, to which Appellant timely filed objections, Bankr. Doc. 89. Appellant's objections were overruled by the Bankruptcy Court in the Compromise Order.

[3]  The Trustee had filed and served, on August 10, 2010, a Report and Notice of Trustee's Intent to Sell Property of the Estate providing details of the proposed sale, Bankr. Doc. 96, to which Appellant timely filed objections, Bankr. Doc. 104. Appellant's objections were overruled by the Bankruptcy Court in the Sale Order.

At no point following the issuance of the Approval Orders did Appellant file a Motion to Stay either the Orders themselves or the sale and settlement which those Orders authorized. Further, Appellant did not appeal the Approval Orders; instead, he filed separate motions for reconsideration with the Bankruptcy Court. Bankr. Docs. 126, 127. On December 2, 2010, subsequent to a hearing at which Appellant presented testimony in support of his Motions for Reconsideration, Judge Funk issued an Order denying the motions. Bankr. Doc. 137 (the "Reconsideration Order"). On March 1, 2011, Appellant filed this appeal, seeking relief from the Reconsideration Order.

## II. Discussion

### A. Henderson's Motion to Dismiss

Appellant's failure to file a motion to stay the Sale Order or the underlying sale it authorized is fatal to his appeal against Henderson. The Eleventh Circuit previously addressed precisely such a scenario in In re The Charter Co., 829 F.2d 1054 (11th Cir. 1987):

> In order to protect those who purchase property from a bankrupt estate, the Bankruptcy Code provides that once a sale is approved by the bankruptcy court and consummated by the parties, the bankruptcy court's authorization of the sale cannot be effectively altered on appeal. Section 363(m) of the Code states:
>
>> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not effect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.
>
> 11 U.S.C. § 363(m). Because this provision prevents an appellate court from granting effective relief if a sale is not stayed, *the failure to obtain a stay renders*

3

> *the appeal moot.* See In re Bleaufontaine, 634 F.2d 1383, 1389-90 (5th Cir. Unit B 1981); In re Vetter Corp., 724 F.2d 52, 55-56 (7th Cir.1983).
>
> Appellant failed to obtain a stay as required under section 363(m). The bankruptcy court's approval was issued, the assets were transferred, and the sale was completed. Thus, under section 363(m), the validity of the sale cannot be altered on appeal. This renders the appeal in this court, as well as the initial appeal to the district court, moot.

Id. at 1056 (emphasis added).

Likewise, because Appellant did not obtain a stay, the validity of the Trustee's sale of the Nassau claim to Henderson cannot be altered by this Court on appeal. Appellant's pro se status does not change this result. Accordingly, this appeal is moot as to Henderson, and its Motion to Dismiss will be granted.

### B.    May's Motion to Dismiss

May does not contend that the Bankruptcy Code protects those who reach settlements with the bankruptcy estate in the same manner as those who purchase property from it. Instead, May notes that Appellant has challenged only the Reconsideration Order on appeal, rather than the underlying Approval Orders, and argues that this is fatal to Appellant's appeal as to May. May cites three cases in support: Bach v. Coughlin, 508 F.2d 303 (7th Cir. 1974); Brookens v. White, 795 F.2d 178 (D.C. Cir. 1986); Wilson v. Firestone Tire & Rubber Co., 932 F.2d 510 (6th Cir. 1991).

May's reliance is misplaced. In each of Bach, Brookens, and Wilson, the appellant noticed the appeal of only part of a specified judgment, leaving the reviewing court no jurisdiction to review other judgments or issues not expressly referred to and not impliedly intended for appeal. That is not the case here. Appellant's Notice of Appeal seeks this

Court's review of the Bankruptcy Court's Reconsideration Order, which denied his Motions for Reconsideration of the Approval Orders.  While the Court does not decide at this stage whether such review can or should extend to the underlying orders, this Court can, at a minimum, review for abuse of discretion the Bankruptcy Court's decision not to reconsider its previous orders.[4]  Thus, despite May's protestations, this Court has jurisdiction to consider Appellant's appeal as it pertains to May.

Accordingly, it is hereby

**ORDERED**:

1. Appellee Henderson Law PA's Amended Motion to Dismiss Appeal (Doc. 7) is **GRANTED**.  The appeal as to Henderson Law PA is **DISMISSED**.  The Clerk shall remove Henderson Law PA as a party to this appeal.

2. Appellee George Frank May's Amended Motion to Dismiss Appeal (Doc. 12) is **DENIED.**

3. The briefing schedule in this case is hereby **RESET** as follows:

   Appellee May's Responsive Brief: **September 9, 2011**

   Appellant's Reply Brief: **October 3, 2011**

4. No later than **August 25, 2011**, the remaining parties are directed to file a Joint Notice regarding whether they wish to mediate.

---

[4] Rule 59 of the Federal Rules of Civil Procedure, as made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure, governs motions such as the Motions for Reconsideration/Rehearing filed by the Appellant.  On appeal, an order denying a Rule 59 motion is reviewed for abuse of discretion.  See O'Neal v. Kennamer, 958 F.2d. 1044 (11th Cir. 1992), citing American Home Assur. Co. v. Glenn Estess & Associates, Inc., 763 F.2d. 1237, 1238-39 (11th Cir. 1985).

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of August, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:

counsel of record
pro se appellant